# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DEBLASIO,

Plaintiff,

v.  No. 17-0773-DRH

JOHN R. BALDWIN,
et al.,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a February 5, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson (Doc. 54). Magistrate Judge Wilkerson recommends that the Court deny DeBlasio's motion for preliminary injunction (Doc. 2). The parties were allowed time to file objections to the Report. On February 21, 2018, DeBlasio filed an objection to the Report (Doc. 55). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report.

On July 24, 2017, DeBasio filed a 42 U.S.C. § 1983 complaint alleging that

defendants have been deliberately indifferent to his serious medical needs (Doc. 1). Specifically, DeBasio alleges that he has been denied adequate medical care concerning his chronic abdominal pain, chronic constipation, severe back pain, and extreme levels of hypertension (Doc. 1). Along with his complaint, DeBlasio attached a memorandum in support of his request for preliminary injunction (Doc. 3). On July 27, 2017, the Court conducted a preliminary review of DeBlasio's complaint and allowed the following claim to proceed:

> Count 1- Defendants responded to plaintiff's serious medical needs (chronic back and abdominal pain, chronic constipation, fractured vertebrae and elevated blood pressure) with deliberate indifference, in violation of the Eighth Amendment.

(Doc. 8, p. 8). Also in this review of the complaint, the Court referred the motion for preliminary injunction to Magistrate Judge Wilkerson. In his motion for preliminary injunction, DeBasio seeks access to a medical specialist, specifically a gastroenterologist, in order to properly diagnose his alleged ongoing and worsening health conditions (Doc. 3). Defendants responded to the motion for preliminary injunctions (Docs. 41 & 42). Thereafter, Magistrate Judge Wilkerson issued the Report recommending that the Court deny the motion for preliminary injunction (Doc. 54) and DeBlasio filed an objection (Doc. 55).

## **Analysis**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those

> portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In order to obtain a preliminary injunction under Rule 65, DeBlasio must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) DeBlasio will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id*.; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The United States Supreme Court has

emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).

Magistrate Judge Wilkerson found that DeBasio's motion for preliminary injunction failed on the issue of irreparable injury.[1] Specifically, the Report concluded:

> "Where DeBasio's claim fails, however, is on the issue of irreparable injury. As stated above, the injunction DeBlasio seeks is access to a gastroenterologist. It is undisputed that DeBlasio suffers from chronic abdominal pain and constipation (Doc. 41, pp. 5-6; Doc. 42, p. 3). However, on October 24, 2017, DeBasion was seen by Dr. Ahmed in the medical ward and evaluated for a referral to a gastroenterologist (Doc. 42, p. 3). Dr. Ahmed determined DeBlasio did not need to see a gastroenterologist but that a referral for a colonoscopy was appropriate (Doc. 42, p. 3). A colonoscopy was performed on November 14, 2017 at Carle Foundation Hospital (Doc. 51, p. 1). The colonoscopy report states DeBlasio's colon is normal and there was no cancer or large polyps present (Doc. 51-1, p. 1). The only recommendation resulting from the procedure was that DeBlasio undergo another colonoscopy in three years (Doc. 51-1, p. 1). Thus, the Court finds that there is no evidence of imminent harm should DeBlasio be treated by medical staff at Lawrence Correctional Center rather than being referred to an outside gastroenterologist."

(Doc. 54, p. 6).

After reviewing DeBlasio's objection, the Court finds that it misses the mark.

---

[1] Magistrate Judge Wilkerson found that DeBasio met the burden of demonstrating a likelihood on the success of the merits and no adequate remedy at law. As DeBlasio's objection does not object to these findings, the Court need not address these issues.

He rehashes his previous medical history and rehashes his previous arguments that are not relevant to the irreparable harm inquiry. He maintains that the medical staff did not adhere to or follow the correct procedure for colonoscopy preparation. He maintains that the medical staff was negligent and careless and that because of this negligence the results of the colonoscopy may have rendered different results. The record reflects that DeBlasio did have a colonoscopy performed by gastroenterologist Dr. Andrew Batey on November 14, 2017 at Carle Foundation Hospital (Doc. 51-1). Dr. Batey issued the following as to his impression and recommendations of the DeBasio's exam:

> Impression:
> -Poor bowel cleansing; the entire examined colon is normal on direct and retroflexion views though to the extent of visibility.
> -No cancer or big polyps; no specimens collected.
>
> Recommendations:
> -Repeat colonoscopy sooner in 3 years for screening purposes (with better colon cleansing)
> -High fiber diet with fiber supplements.
> -Miralax 17 gm dissolve in a glass of water daily.
> -Continue present medications otherwise.

(Doc. 51-1). In addition, DeBlasio continues to be monitored at Lawrence Correctional Center for his complaints regarding abdominal pain and constipation. Further, the record reflects that DeBlasio continues to receive the medications and evaluations necessary for his complaints. Thus, the Court agrees with the Report that DeBlasio has not met his burden in order to obtain a preliminary injunction.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 54). The Court **DENIES** DeBlasio's motion for preliminary injunction (Doc. 2).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.23 12:05:42
-06'00'

**United States District Judge**