IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DEBLASIO,

Plaintiff,

v.  No. 17-0773-DRH

JOHN R. BALDWIN,
et al.,

Defendants.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Now before the Court is DeBlasio's motion for relief from judgment or Order (Doc. 72). Specifically, DeBlasio moves the Court, pursuant to Fed. R. Civ. P. 60(b)(3), to reconsider the Court's February 23, 2018 Memorandum and Order adopting a Report and Recommendation ("the Report") and denying his motion for preliminary injunction (Doc. 57).[1] DeBlasio maintains that Dr. Ahmed committed perjury in his November 2, 2017 affidavit regarding DeBlasio's need for an abdominal CT scan, thus, relief from that decision is warranted. Defendants

---

1 In the motion for preliminary injunction, DeBlasio sought access to a medical specialist, specifically a gastroenterologist, in order to properly diagnose his alleged ongoing and worsening health conditions.

oppose the motion (Doc. 76). Based on the following, the Court denies the motion.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment, order or proceeding, for a number of reasons including mistake or "any other reason justifying relief." Fed. R. Civ. P. 60(b). Specifically, Rule 60(b)(3) provides for relief when: "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party…" In order to obtain a preliminary injunction under legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, DeBlasio maintains that, on July 2, 2018, after Dr. Ahmed examined him again, Dr. Ahmed stated: "DeBlasio, its all about the money, money these people don't want to spend … this is something that should have been ordered a couple of years ago." and then wrote a "Medical Special Services Referral and Report" for a "CT abdominal" scan for "Chronic LT. Flank Abdominal Pain." (Doc. 72, p. 3). DeBlasio contends that this statement reveals that Dr. Ahmed committed fraud/perjury in his November 2, 2017 affidavit because Dr. Ahmed attested in that affidavit that DeBlasio received and continues to receive adequate medical treatment regarding his chronic abdominal pain. Further, DeBlasio

maintains that on August 29, 2018, Dr. Ahmed wrote a "Medical Special Service Referral and Report" for "Gallbladder ultrasound," which further supports his argument regarding fraud/perjury by Dr. Ahmend. Defendants counter that Dr. Ahmed made no false statements to the Court regarding DeBalsio's CT scan; that Dr. Ahmed recommended that DeBalsio receive a colonoscopy (which was performed) and that DeBlasio continues to be monitored and his care discussed. Thus, defendants argue that DeBalsio does not allege new or worsening conditions that would warrant the Court to reconsider its ruling. The Court agrees with defendants.

After reviewing DeBlasio's motion, the Court finds exceptional circumstances do not exist in this case to warrant the extraordinary remedy DeBlasio seeks. There is no evidence that Dr. Ahmed provided a false affidavit to the Court regarding DeBalsio's CT scan. Previously, Dr. Ahmed referred DeBlasio for a colonoscopy which was performed and revealed that his colon was normal and there was no cancer or large polyps present. Moreover, Dr. Ahmed's later recommendations for Collegial Review regarding CT scan and gallbladder ultrasound (which were not approved by Dr. Ahmed's colleagues) do not demonstrate fraud.[2] The record in its current state contains no evidence of irreparable harm and shows that DeBalsio's medical care continues to be monitored. Lastly, the Court denies at this time DeBlasio's simple/mere request to

---

2 The record reveals that the alternative treatment plan was to change DeBlasio's medications to see if this would provide relief.

add Dr. Ahmed as a defendant in this action. The Court finds that further briefing on this issue is needed.

## Conclusion

Accordingly, the Court **DENIES** DeBlasio's motion for relief from a judgment or Order (Doc. 72).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.18
11:13:44 -05'00'

**United States District Judge**